IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TUESDAY SHALON JOHNSON, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:17-CV-603-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Tuesday Shalon Johnson, a federal prisoner confined in the Federal Medical Center-Carswell (FMC-Carswell) in Fort Worth, Texas, against Jody R. Upton, Warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction. No service has issued upon Respondent.

**I. BACKGROUND**

Petitioner is serving a reduced 210-month term of imprisonment for her 2009 conviction in the United States District Court for the Western District of Oklahoma for distribution of crack cocaine. Order, United States v. Johnson, Pacer, Criminal Docket for Case #: 5:09-CR-00021-M-3, ECF No. 825. In this habeas petition, Petitioner claims that FMC-Carswell is acting with deliberate indifference, and in violation of its own policies and the Eighth Amendment's prohibition against cruel and unusual punishment, by disallowing visitation by her in-laws and correspondence between herself and her husband, "inmate Fletcher." Pet. 5-6, ECF No. 3.

**II. DISCUSSION**

The petition relating to the conditions of Petitioner's confinement is not cognizable on

habeas review. It is well-settled law that federal prisoners who wish to challenge the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971)—not through federal habeas proceedings. *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). "[H]abeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States,* 525 F.2d 933, 935–36 (5th Cir. 1976). Petitioner's claims pertain to the conditions of her confinement, not the constitutionality of her custody. Therefore, they are properly brought in a civil rights action.

## IV.  CONCLUSION

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for failure to state a claim on which habeas relief can be granted. Further, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability is also DENIED.

**SO ORDERED** on this 28th day of July, 2017.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE